Matt J. Kelly
Margaret C. Weamer
TARLOW STONECIPHER
WEAMER & KELLY, PLLC
1705 West College St.
Bozeman, MT 59715-4913
Telephone:  (406) 586-9714
mkelly@lawmt.com
mweamer@lawmt.com

Travis W. Kinzler
COK KINZLER PLLP
35 N. Bozeman Avenue
P.O. Box 1105
Bozeman, MT  59771-1105
Telephone:  (406) 587-4445
tkinzler@cokkinzlerlaw.com

Daniel P. Buckley
BUCKLEY LAW OFFICE, P.C.
125 W. Mendenhall, Suite 201
Bozeman, MT  59715
Telephone:  (406) 587-3346
dbuckley@danbuckleylaw.com

*Attorneys for Plaintiffs*

GALL_____ _____ CLERK
OF _____ _____ COURT
JERRIELA ERANDON

2017 JUL 18  PM 4: 28

FILED

BY_____ _____ DEPUTY

## MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT
## GALLATIN COUNTY

| | |
|---|---|
| STAN and RAINY WAGNER, on Behalf of Themselves and All Others Similarly Situated, | CAUSE NO. DV-17-589 C<br><br>CV-17-57-Bu-BMM |
| Plaintiff, | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | |
| SUMMIT AIR AMBULANCE, LLC, REACH AIR MEDICAL SERVICES, LLC, and DOES I-X. | (2) Summons Issued |
| Defendant. | |

Wagner, et al. v. Summit, et al.
Class Action Complaint and Demand for Jury Trial
Page 1 of 13

Plaintiffs Stan and Rainy Wagner, on behalf themselves and on behalf of their minor son, W.W. ("Plaintiffs"), bring this action against Defendants Summit Air Ambulance, LLC ("Summit"), REACH Air Medical Services, LLC ("REACH"), and Does I-X. Plaintiffs also bring this action on behalf of all other similarly situated pursuant to Rules 23(a) and (b) of the Montana Rules of Civil Procedure.

## INTRODUCTION

1.    Plaintiffs bring this action on behalf of themselves and for those similarly situated patients that are transported (hereafter "transported patients") by Defendants in air-ambulance services fixed-wing aircraft from locations in Montana to hospitals located in-state and out-of-state for medical treatment.

2.    Defendants enter into contracts with their transported patients for their services. However, the contract entered into lacks the material terms of the contract between Defendants and the transported patients do not specify a contract price and, further, do not disclose Defendants' rates or charges to the transported patients prior to transportation.

3.    Instead, Defendants send a bill to the transported patients after the transportation has been provided to the transported patient.

4.    The Defendants' rates and charges that are billed to the transported patient, post-transportation, are significantly and grossly higher than the reasonable value of providing the service. These rates and charges are not agreed to by the transported patients in the contract with Defendants. Rather, the contract entered into between Defendants and the transported patient is silent on the price of services.

Wagner, et al. v. Summit, et al.
Class Action Complaint and Demand for Jury Trial
Page 2 of 13

5.    Defendants systematically and programmatically charge and bill its transported patients in this manner.

6.    Pursuant to Montana law, "...when a contract does not determine the amount of consideration or the method by which it is to be ascertained or when it leaves the amount thereof to the discretion of an interested party, the consideration must be so much money as the object of the contract is reasonably worth." Mont. Code Ann. § 28-2-813. Further, pursuant to Montana law, every contract must comply with the covenant of good faith and fair dealing, which include honesty in fact and reasonable commercial standards of fair dealing in trade. Mont. Code Ann. § 28-1-211.

7.    Pursuant to Montana law, Defendants had the ability to contract around both of the foregoing statutes (and laws interpreting the same) by simply disclosing and offering the rates and charges for their services prior to transport and as part of the contract. First, a contract for services that discloses and offers those services for an agreed upon price (i.e., consideration) is ascertainable from the contract itself and Section 28-2-813 becomes moot. Second, the covenant of good faith and fair dealing may be contracted away by the parties to the contract, and allows a party to specify in the contract that the agreement does not incorporate the covenant. *Farris v. Hutchinson*, 254 Mont. 334, 838 P.2d 374 (1992).

8.    As such, the claims presented here are not preempted under the Airline Deregulation Act of 1978. *Northwest, Inc. v. Ginsberg*, 134 U.S. 1422 (2014); and, *American Airlines, Inc. v. Wolens*, 513 U.S. 219 (1995).

9.    By Defendants' self-imposed and voluntary undertakings to leave its rates and charges undisclosed at the time of contracting with transported patients,

Wagner, et al. v. Summit, et al.
Class Action Complaint and Demand for Jury Trial
Page 3 of 13

Defendants and the transported patients agreed and contracted to services at its "reasonable worth" and subject to the covenant of good faith and fair dealing.

10.     Defendants breached the contract with Plaintiffs and the class by: (1) charging and collecting in excess of the services' reasonable worth, and (2) by breaching the covenant of good faith and fair dealing.

11.     Plaintiffs and the class seek recovery for the Defendants' breach of the contract, including return of amounts paid in excess of what the "reasonable worth" of the services, and injunctive relief precluding Defendants from seeking collections of amounts billed in excess of the "reasonable worth" of these services and consistent with the covenant of good faith and fair dealing.

## PARTIES

12.     Plaintiffs Stan and Rainy Wagner and their minor son, W.W., are residents of Gallatin County, Montana.

13.     Upon information and belief, Defendant Summit is a for-profit corporation organized in the State of Delaware with its principal place of business located at 451 Aviation Boulevard, Suite 101, Santa Rosa, California.

14.     Upon information and belief, Defendant REACH is a for-profit corporation organized in the State of California with its principle place of business located at 451 Aviation Boulevard, Suite 101, Santa Rosa, California.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over the matters and parties in this action, pursuant to Mont. Code Ann. § 3-5-302(b) and (c).

Wagner, et al. v. Summit, et al.
Class Action Complaint and Demand for Jury Trial
Page 4 of 13

16.    This Court has personal jurisdiction over the Defendants pursuant to M. R. Civ. P. 4(b)(1) because the Defendants are found within Montana or because these Defendants transact business in Montana and entered into a contract for services to be performed in Montana.

17.    Venue is proper in Gallatin County, Montana, pursuant to Mont. Code Ann. § 25-2-121(1)(b) for the reason that Gallatin County is the location wherein the contracts which form the Plaintiffs' claims were to be performed.

## FACTUAL BACKGROUND – INDIVIDUAL CLAIMS

18.    On August 27, 2015, Plaintiffs' brought their six-year-old son, W.W., to his pediatrician for evaluation of headaches, vomiting and unsteady gait. A computerized tomography (CT) scan was performed which revealed that he was suffering from a brain tumor. W.W.'s pediatrician and other medical providers determined that, due to his life-threatening medical condition, W.W. should be treated at the Children's Hospital in Denver, Colorado.

19.    W.W.'s medical providers further determined that air-ambulance transportation of W.W. was medically necessary because of the emergency nature of his medical condition.

20.    Bozeman Deaconess dispatched REACH to provide the air-ambulance transportation of W.W. from Bozeman to Denver.

21.    Plaintiffs agreed to the services offered by Defendants and contracted for the same. Defendants agreed to provide air-transport services to Plaintiffs and their son, W.W., and contracted for the same. However, there was no rate or charge provided for or disclosed in the parties contract.

Wagner, et al. v. Summit, et al.
Class Action Complaint and Demand for Jury Trial
Page 5 of 13

22.   Pursuant to this contract, Defendants transported W.W. to Denver.

23.   Following the one-way transport from Bozeman to Denver, Defendants billed Plaintiffs $109,590 for the trip via the invoice dated 2/26/2016 (attached as Exhibit A).

24.   The total amount of $109,590 is comprised of two categories of charges: (1) a "base rate" charge of $15,965 for the transport; and (2) a "loaded fixed wing" charge of $93,625 which is calculated by multiplying the flight distance (535 miles) by a unit price of $175 per mile.

25.   Plaintiffs' health insurer, BlueCross BlueShield of Montana paid $22,933 to Defendants and Defendants sought recovery of the balance due (which includes late fees) in the amount of $40,057.38 directly from Plaintiff.  This practice by Defendants is commonly referred to as "balance billing."  Defendants' "balance bill" of 12/29/2016 reflects a different lower bill balance than the 2/26/2016 invoice.  The lower balance is the result of a dramatically lower "loaded fixed wing" rate of $81.96 per mile (as opposed to the original fixed wing rate of $175/mile).  The changed rate is not explained or noted in the "balance bill" (attached as Exhibit B), demonstrating the arbitrary nature of the pricing.

26.   Defendants sent collection letters to Plaintiffs for the remaining balance that Defendants claim Plaintiffs owe.

27.   The amount sought – even in the later, reduced invoice - by Defendants exceeds reasonable amounts typically charged in Montana for similar air-ambulance transport and the charges do not represent the reasonable worth of the services rendered, are excessive and violate the covenant of good faith and fair dealing.

Wagner, et al. v. Summit, et al.
Class Action Complaint and Demand for Jury Trial
Page 6 of 13

28.     At the time of contracting, material terms of the contract were lacking and

Plaintiffs lacked knowledge of the unreasonableness of the rates charged by the

Defendants for their transport services and at no time were the material terms of price

provided to or even available to Plaintiffs.  The consideration in the contract was silent,

and as such, the consideration is the "reasonable worth" of the services provided and is

governed by the covenant of good faith and fair dealing.

## INDIVIDUAL CAUSES OF ACTION

## COUNT 1: BREACH OF CONTRACT

29.     Plaintiffs restate and incorporate the allegations set forth above.

30.     The Plaintiffs and Proposed Class Members and Defendants entered into

a contract for Defendants' services, but said contract did not set forth any contract terms

regarding pricing, rates or charges.

31.     Prior to sending Plaintiffs and Proposed Class Members a bill, Defendants

did not disclose the rates it charges for its services.

32.     Montana law requires that when a contract does not determine the amount

of the consideration or the method by which it is to be ascertained or when it leaves the

amount thereof to the discretion of an interested party, the consideration must be so

much money as the object of the contract is reasonably worth.  Mont. Code Ann. § 28-2-

813.

33.     Montana law requires every contract must comply with the covenant of

good faith and fair dealing, which include honesty in fact and reasonable commercial

standards of fair dealing in trade.  Mont. Code Ann. § 28-1-211.

Wagner, et al. v. Summit, et al.
Class Action Complaint and Demand for Jury Trial
Page 7 of 13

34.     Defendants had the ability to contract out both of the preceding, as discussed above, but chose not to do so.

35.     As the contract between Plaintiffs and Proposed Class Members and Defendants did not include pricing terms, Defendants were obligated to charge the fair and reasonable worth of the services provided to Plaintiffs and Proposed Class Members, and Defendants were subject to the covenant of good faith and fair dealing.

36.     Instead of charging the Plaintiffs and Proposed Class Members the fair and reasonable worth for their services, and complying with the covenant of good faith and fair dealing, Defendants charges exceed the reasonable worth for similar services in Montana.

37.     Defendants have breached the contract by the same.

38.     As a result of Defendants' breach of the contract, Plaintiffs and have incurred damages in the amount of the balance between a reasonable charge for services and the actual charges sought by Defendant.

## CLASS CLAIMS

## COUNT 1: BREACH OF CONTRACT

39.     Plaintiffs restate and incorporate the allegations set forth above.

40.     Plaintiffs bring this action pursuant to the provisions of Rule 23(a) and Rule 23(b)(2) and/or (3) of the Montana Rules of Civil Procedure as a class action for themselves and as representative of and on behalf of all other persons similarly situated to-wit:

> Residents of Montana, and their representatives, agents, or assigns, who contracted for fixed-wing Air Ambulance transport from Defendants from 2012 to present and were billed unreasonable "base rate" and "loaded fixed wing charges" in excess of insurance reimbursement, if applicable, in

Wagner, et al. v. Summit, et al.
Class Action Complaint and Demand for Jury Trial
Page 8 of 13

which the rates, charges, or the specific monetary consideration was not disclosed or negotiated prior to the services.

41.    Proposed Class Members entered into a contract with Defendants for air-ambulance services, but said contract did not specify a contract price and, further, did not disclose defendants' rates or charges to the transported patient class members prior to transportation.

42.    The transported patient class members were thereafter billed by Defendants.  The Defendants' rates and charges billed to the transported patent class members were not consistent with the reasonable worth of said transport services and violates the covenant of good faith and fair dealing.

43.    The number of the Proposed Class Members is so numerous that joinder of all Proposed Class Members is impracticable.

44.    There are questions of law or fact common to the Proposed Class Members.  The common legal and factual questions include, but are not limited to the following:

> a.  Whether a contract was entered into between the parties (i.e., the Plaintiffs/Proposed Class Members and the Defendants)?
>
> b.  Whether the rates and charges billed by Defendants exceeds the reasonable worth of the services provided to Plaintiffs and each Proposed Class Member?
>
> c.  Whether the rates and charges billed by Defendants violates the covenant of good faith and fair dealing?

Wagner, et al. v. Summit, et al.
Class Action Complaint and Demand for Jury Trial
Page 9 of 13

> d. Whether Proposed Class Members have incurred harms and/or
> damages in the unreasonable charges sought by Defendant?

45.     The claims or defenses of the Plaintiffs are typical of the claims or
defenses of the Proposed Class Members: through Defendants practice of billing with
charges and rates that exceed the reasonable worth of the services offered and/or by
engaging in conduct that does not comport with good faith and fair dealing, all of the
Proposed Class Members, like Plaintiffs, have suffered harms and damages.

46.     Plaintiffs will fairly and adequately protect the interests of the Proposed
Class Members.  Plaintiffs' counsel, Matt Kelly and Dan Buckley, has extensive
experience representing plaintiffs in class actions.  All of Plaintiffs' counsel have
extensive experience in representing plaintiffs in complex litigation.

47.     Defendants have acted on grounds which are generally applicable to the
class, thereby making appropriate corresponding injunctive relief with respect to the
class as a whole, in particular.

> a. Defendants should be retrospectively required to reopen each
> Proposed Class Members' file and only charge and bill for the
> reasonable worth of the services provided, and consistent with good
> faith and fair dealing.
> b. Defendants should be prospectively required to either: (1) specifically
> set out its billing rates and charges in its contract with proposed
> transported patients such that the contract contains the terms of
> consideration, or (2) bill for rates and charges that are reasonably

Wagner, et al. v. Summit, et al.
Class Action Complaint and Demand for Jury Trial
Page 10 of 13

worth the services provided and in accord with good faith and fair
dealing.

c.  That Defendants collection of payments in excess of the reasonable
worth of their services, and/or in violation of the covenant of good faith
and fair dealing, be disgorged.

48.    The questions of law or fact common to the members of the class, set
forth above, predominate over any questions effecting only individual members and a
class action is superior to other available methods for the fair and efficient adjudication
of the controversy

49.    A class is a superior method to the fair and efficient adjudication of the
controversies alleged herein.

50.    The prosecution of separate actions by individual members of the class
would create a risk of adjudications with respect to individual members of the class
which would, as a practical matter, be dispositive of the interests of the other members
not parties to the adjudication or substantially impair or impeded their ability to protect
their interests.

51.    This forum is an appropriate and desirable concentrating the litigation of
these claims herein.

52.    Management of this matter as a class action will not encounter any
unreasonable difficulties.

53.    As a result of Defendants' breach of the contract, Plaintiffs and the
Proposed Class Members have incurred damages in the amount of the balance

Wagner, et al. v. Summit, et al.
Class Action Complaint and Demand for Jury Trial
Page 11 of 13

between a reasonable worth for services and the actual charges sought by Defendant, and/or in excess of the amounts allowed by good faith and fair dealing.

## COUNT II:  COMMON FUND

54.    Plaintiffs restate and incorporate the allegations set forth above.

As a result of the efforts of Plaintiff, a common fund will be created whereby all members if the class will share in the common fund and all such members should bear a proportionate share of the litigation costs, including attorneys' fees and costs incurred therein.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing claims, Plaintiffs, on behalf of themselves and all Proposed Class Members they represent, seek judgement and relief against the Defendants as follows:

1.    For an order certifying the Class, designating Plaintiffs as Class Representatives and Plaintiffs' attorneys as Class Counsel;

2.    That all factual issues common to both the legal and equitable claims be submitted to a jury for decision;

3.    For judgment on the claim against Defendants on behalf of the named Plaintiffs and the Class, for all special damages;

4.    That over-payments retained by Defendants be disgorged and returned to Plaintiffs and Proposed Class Members;

5.    For compensatory and all other allowable damages under the causes of action asserted herein, including pre-judgment interest;

Wagner, et al. v. Summit, et al.
Class Action Complaint and Demand for Jury Trial
Page 12 of 13

6.      That injunctive relief be granted as further detailed above;

7.      For reasonable attorneys' fees; and

8.      For any such other and further relief as the Court may deem appropriate.

DATED this 18th day of July, 2017.

BY: Matt J. Kelly
Margaret C. Weamer
TARLOW STONECIPHER
WEAMER & KELLY, PLLC
1705 West College St.
Bozeman, MT 59715-4913
Telephone:  (406) 586-9714
mkelly@lawmt.com
mweamer@lawmt.com

Travis W. Kinzler
COK KINZLER PLLP
35 N. Bozeman Avenue
P.O. Box 1105
Bozeman, MT  59771-1105
Telephone:  (406) 587-4445
tkinzler@cokkinzlerlaw.com

Daniel P. Buckley
BUCKLEY LAW OFFICE, P.C.
125 W. Mendenhall, Suite 201
Bozeman, MT  59715
Telephone:  (406) 587-3346
dbuckley@danbuckleylaw.com

*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and the Proposed Class Members, demand a

trial by jury on all claims so triable.

DATED this 10th day of July, 2017.

Matt J. Kelly

Wagner, et al. v. Summit, et al.
Class Action Complaint and Demand for Jury Trial
Page 13 of 13

# REACH AIR MEDICAL SVC (EF 11)

PO BOX 930
WEST PLAINS, MO 65775
(800)811-4045
Federal Tax ID: 68-0222123

Patient Name: WALKER WAGNER

Insurance: BLUE CROSS - MONTANA

| | |
|---|---|
| Patient Number: | 186514R |
| Call Number: | 186514R |
| Date Of Call: | 08/27/2015 |
| Call Time: | |
| Caller: | INTERFACILITY TRANSFER |
| From Location: | AIRPORT: GALLATIN FIELD |
| To Location: | AIRPORT: CENTENNIAL |

RAEANNEN K. WAGNER
PO BOX 11702
BOZEMAN, MT 59719

| | |
|---|---|
| Reason(s) | 239.6 |
| For | 781.2 |
| Transport | 784.0 |

| DESCRIPTION OF CHARGES | HCPC | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| BASE RATE FW | A0430 | 1.0 | 15965.00 | 15965.00 |
| LOADED MILES FIXED WING | A0435 | 535.0 | 175.00 | 93625.00 |

| | |
|---|---|
| **Total Charges** | 109590.00 |
| **Total Credits** | 0.00 |
| **PLEASE PAY THIS AMOUNT =>** | **$109590.00** |

--------------------------------------------------------------------------------

**^DETACH ALONG ABOVE LINE AND RETURN STUB WITH YOUR PAYMENT^**

Patient Name: WAGNER, WALKER
Patient Number: 186514R

Call Number: 186514R
Current Date: 02/26/2016

**Amount Due: $109590.00**
Amount
Enclosed $ _____

YOUR INSURANCE COMPANY HAS ISSUED PAYMENT FOR OUR SERVICES DIRECTLY TO YOU. IT IS
IMPERATIVE THAT PAYMENT IS SENT TO US IMMEDIATELY. FAILURE TO REMIT THE FULL PAYMENT CAN
OR WILL RESULT IN YOUR ACCOUNT BEING SENT TO A COLLECTION AGENCY WITH A RECOMMENDATION TO
FILE AN INSURANCE FRAUD CLAIM AGAINST YOU. PLEASE CONTACT OUR OFFICE TODAY. THANK YOU.

EXHIBIT A

REACH AIR MEDICAL SVC. (EF 11) PO BOX 930 WEST PLAINS, MO 65775-0930