# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| STAN and RAINY WAGNER, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SUMMIT AIR AMBULANCE, LLC, REACH AIR MEDICAL SERVICES, LLC, and DOES I-X,<br><br>Defendant(s). | CR-17-57-BU-BMM<br><br>ORDER |

Plaintiffs Stan and Rainy Wagner, on behalf of themselves and a proposed class of others similarly situated, filed this action in Montana's Eighteenth Judicial District Court, Gallatin County, on July 18, 2017. (Doc. 5.) Defendants Summit Air Ambulance and REACH Air Medical Services, LLC removed the case to federal court on August 18, 2017. (Doc. 1.) Defendants filed the instant Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on August 25, 2017. (Doc. 2.)

## I. BACKGROUND

Plaintiffs brought their six-year-old son, W.W., to his pediatrician on August

1

27, 2015, to evaluate headaches, vomiting, and unsteady gait. (Doc. 5 at 5.) Upon discovery of a brain tumor, W.W.'s doctors determined that it was medically necessary to transport W.W. by air ambulance from Bozeman, Montana to Children's Hospital in Denver, Colorado. (Doc. 5 at 5.) Bozeman Deaconess Hospital, pursuant to its preferred provider agreement with Defendants, dispatched Defendants to provide air ambulance services. (Doc. 5 at 5.)

Plaintiffs authorized Defendants to provide the air ambulance services. Defendants did not specify a price for their services. (Doc. 5 at 5.) Montana law provides that "[w]hen a contract does not determine the amount of the consideration or the method by which it is to be ascertained or when it leaves the amount thereof to the discretion of an interested party, the consideration must be so much money as the object of the contract is reasonably worth." Mont. Code Ann. § 28-2-813 (2017). Further, Montana's covenant of good faith and fair dealing requires "reasonable commercial standards of fair dealing in trade." (Doc. 5 at 7.); Mont. Code Ann. § 28-1-211.

Defendants billed Plaintiffs $109,590 for one-way transport of W.W. from Bozeman, Montana to Denver, Colorado, on February 26, 2016. (Doc. 5 at 6.) This total amount reflected a "base rate" of $15,965 and a "loaded fixed wing" charge of $175 per mile. (Doc. 5 at 6.) Defendants multiplied the "loaded fixed wing" charge by the 535 miles between Bozeman and Denver. (Doc. 5 at 6.)

2

Plaintiffs' insurer paid Defendants $22,933 of the $109,590 bill for the flight. (Doc. 5 at 6.) Defendants sought to collect from Plaintiffs a balance of $40,057.38 on December 29, 2016. (Doc. 5 at 6.) This balance reflects credit for the insurance payment as well as a reduced "loaded fixed wing" charge of $81.96 per mile. (Doc. 5 at 6.) Defendants provided no explanation for the lower rate. (Doc. 5 at 6.)

Plaintiffs allege that Defendants breached the contract to provide the air ambulance services because the charges billed "exceed[] reasonable amounts typically charged in Montana for similar air-ambulance transport and the charges do not represent the reasonable worth of the services, rendered, are excessive and violate the covenant of good faith and fair dealing." (Doc. 5 at 6.) Plaintiffs seek "damages in the amount of the balance between a reasonable charge for services and the actual charges sought by Defendant." (Doc. 5 at 8.)

Defendants seek to dismiss Plaintiffs' claim on the basis that the Airline Deregulation Act of 1978 ("ADA") preempts this type of state law claim. (Doc. 3 at 6.)

## II. **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In evaluating a 12(b)(6) motion, the Court "must take all allegations of material fact as true and

3

construe them in the light most favorable to the nonmoving party." *Kwan v. Sanmedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (quoting *Turner v. City and County of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015)). To survive a motion to dismiss, the complaint must allege sufficient facts to state a plausible claim for relief. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015).

Federal courts generally view Rule 12(b)(6) dismissals "with disfavor." *Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.3d 208, 213 (9th Cir. 1957). "A case should be tried on the proofs rather than the pleadings." *Id*. Such dismissals are "especially disfavored" where the plaintiff bases the complaint on "a novel legal theory that can best be assessed after factual development." *McGary v. City of Portland*, 386 F.3d 1259, 1270 (9th Cir. 2004) (citations omitted). "It is important that new legal theories be explored and assayed in the light of actual facts rather than a pleader's suppositions." *Id.*

### III.  DISCUSSION

The ADA expressly preempts any state law or regulation "related to a price, route, or service of an air carrier." 49 U.S.C. § 41713(b)(1); *American Airlines Inc. v. Wolens*, 513 U.S. 219, 222 (1995). The ADA also preempts causes of action that arise under state common law where such a claim undermines the statute's deregulatory aim. *Northwest, Inc. v Ginsberg*, 572 U.S. ____, 134 S.Ct. 1422, 1428-30 (2014). "What is important is the effect of a state law, regulation, or

4

provision, not its form." *Id*. at 1430.

States may not impose "their own substantive standards with respect to rates, routes, or services." *Wolens*, 513 U.S. at 232. The ADA presents no bar to relief, however, where a plaintiff "claims and proves that an airline dishonored a term the airline itself stipulated." *Id.* at 232-33. Thus, the ADA provides no shelter for airlines from suits that allege no violation of state-imposed obligations, but seek recovery "solely for the airline's alleged breach of its own, self-imposed undertakings." *Id*. at 228.

The Supreme Court further has distinguished between self-imposed and state-imposed obligations that arise under implied covenants. The ADA preempts such state-imposed obligation where state law does not permit the parties to "contract out of" the state's implied covenant rules. *Ginsburg*, 134 S.Ct. at 1432. Conversely, implied covenant rules escape preemption "only if the law of the relevant State permits an airline to contract around those rules." *Id.* at 1433. The Supreme Court has recognized that such an obligation "cannot be viewed as simply an attempt to vindicate the parties' implicit understanding of the contract," but instead "seeks to enlarge" the agreement. *Id*. at 1433. This distinction confines courts, in breach-of-contract actions, "to the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement." *Wolens*, 513 U.S. at 233.

5

As the Ninth Circuit recently has noted, if the Plaintiff has adequately pleaded breach of contract, the ADA does not preempt the claim. *Hickox-Huffman v. US Airways, Inc.*, 855 F.3d 1057, 1062 (9th Cir. 2017). To plead their claim adequately, Plaintiffs must allege facts demonstrating "the existence of an enforceable contract, the defendant's breach, and damages to the plaintiff caused by the breach." *Id*. Further, with regard to the good faith and fair dealing claim, Plaintiffs would need to demonstrate that Montana law allows an air carrier to "contract around" the covenant. *Ginsburg*, 134 S.Ct. at 1433.

Plaintiffs have pleaded facts to support the following: (1) that a contract existed between the parties, (2) that the "reasonable worth" of the services constituted the "self-imposed" consideration term, and (3) that the $109,590 charged by Defendants exceeded the "reasonable worth" of a 535-mile one-way trip in breach of contract. Plaintiffs additionally have pleaded that Montana law allows the parties to disclaim the covenant of good faith in fair dealing in the contract. *Farris v. Hutchinson*, 254 Mont. 334, 838 P.2d 374 (1992).

Plaintiffs assert that Defendants knowingly made a business judgment to omit the price term from their implied-in-fact contract by failing to specify a price at time of contracting or disclosing their pricing in advance. (Doc. 5 at 2-3.) The Court must take this factual allegation as true. *Kwan*, 854 F.3d at 1096. Defendants do not offer the Court any legal argument that can defeat Plaintiffs' factual

assertion at this stage. Defendants instead argue alternative facts: that they did not assume voluntarily the obligation to charge "reasonable worth." Defendants bolster this factual argument with a legal theory. Defendants contend that the ADA prevents this Court from finding that they have assumed any such obligation. The Court cannot agree at this stage.

Under Montana law, "an implied contract is one the existence and terms of which are manifested by conduct." Mont. Code Ann. § 28-2-103. For a contract to exist, "it is essential that there be: (1) identifiable parties capable of contracting; (2) their consent; (4) a lawful object; and (4) a sufficient cause or consideration." Mont. Code Ann. § 28-2-102. All four elements exist here.

Plaintiffs' complaint, taken as true, alleges that the parties formed a contract, and that the Defendants' conduct in choosing not to disclose or otherwise specify consideration manifested the terms of that contract. (Doc. 5 at 5.) The Court notes that Defendants do not argue that the parties formed no contract. Any such claim could not overcome Plaintiffs' factual allegations at this stage. Even an implied-in-fact contract, as Defendants concede exists, must contain essential terms.

Further, Defendants acknowledge that they "transported at least 395 Montana patients by fixed-wing air ambulance" during the time period relevant to Plaintiffs' claims. (Doc. 1 at 5.) Plaintiffs allege that Defendants likely have entered into numerous contracts in the state of Montana as a result. (Doc. 5 at 9.)

7

Plaintiffs allege that this activity reasonably would have placed Defendants on notice of the provisions of Montana law at issue.

Plaintiffs contend that Defendants opted not to specify consideration in lieu of these provisions of Montana law. (Doc. 5 at 2-3.) To the extent that Defendants argue that they explicitly opted not to specify consideration, these fact-based arguments regarding the terms of the contract must wait further factual development. This assertion fails to defeat Plaintiff's taken-as-true factual allegations under the 12(b)(6) standard. *McGary*, 386 F.3d at 1270.

Defendants support their factual conclusions with a legal argument that ADA preemption prevents this Court from accepting Plaintiff's facts regarding the terms of the contract. Nothing in the ADA prohibits an air carrier from opting for a default term of consideration. Defendants have cited to no court decision that has interpreted the ADA in such a manner. The ADA would not preempt the suit if Defendants have incorporated the term as Plaintiffs allege.

Defendants' legal argument also rests on a reading of *Wolens* and *Ginsburg* that vests all the power at time of contracting in the air carrier party. (Doc. 3 at 20.) The decisions use terms like "stipulated" and "voluntary obligation" to bar suits where one party seeks to enlarge the parties' bargain. *Wolens*, 513 U.S. at 228, 232-33. These decisions leave room for suits, however, that seek to vindicate the *parties'* understanding of the contract, not only the air carrier's understanding of

8

the contract. *Ginsburg*, 134 S.Ct. at 1433; *Wolens*, 513 U.S. at 233. Plaintiffs contend that the parties' understanding of the contract reasonably assumed that Defendants would charge "reasonable worth" absent a price specified.

Defendants rely heavily on two federal district court cases that dismissed similar claims on preemption grounds. (Doc. 3 at 21.) Both district court decisions simply accept that a contract exists despite the absence of an essential term. The court in *Schneberger v. Air Evac EMS, Inc.*, CIV-16-843-R, 2017 WL 1026012, at *5 (W.D. Okla. Mar 15, 2017), noted that "perhaps all that is certain is there was no supplied price." The court determined that a contract existed despite the absence of this essential term. The court in *Ferrell v. Air Evac EMS, Inc.*, No. 5:17-cv-124-DPM (E.D. Ark. July 5, 2017), determined that a contract existed, but claimed that "it's not for the Court to say what the price will be." Transcript of Motions Hearing at 42. Both decisions fail to identify the consideration term in the contract. These cases simply apply preemption to defeat a challenge to a *billed* rate, without ever identifying a *set* rate.

The court in *Schneberger* further stated that the air carrier defendants "believe they are entitled to the full charges." *Schneberger*, 2017 WL 1026012, at *5. The court reasoned that including the reasonable worth term supplied by Oklahoma law in the implied-in-fact contract would "require them to accept less because of a policy-based inquiry." *Id.* Defendants' belief that they are entitled to

9

their billed charges, however, should not set retroactively a contract price. A belief of entitlement does not excuse breach of contract if an air carrier billed a higher charge than that to which the parties agreed.

Defendants advance the same arguments as were presented to the district courts in *Schneberger* and *Ferrell*. A circular logic permeates these arguments. The Supreme Court has recognized the breach-of-contract exception to ADA preemption. *Wolens*, 513 U.S. at 232-33; *Ginsburg*, 134 S.Ct. at 1433. Defendants nevertheless urge this Court to adopt a reading of the ADA that forecloses any conceivable breach of contract claim. Defendants reason that preemption under the ADA allows air carriers to form contracts that lack essential terms. This scenario apparently allows air carriers to set no rates, but instead bill customers any amount that the air carrier chooses, as evidenced by the $109,590 bill received by Plaintiffs for a 535-mile one-way trip. Defendants' position leaves patients obligated to pay the *ex post facto* billed charge, to which they never agreed, without any chance for redress. Defendants seek to wield preemption as a cudgel to gain all the protections of a valid contract yet dodge liability for breach of contract claims by omitting essential terms.

Nothing in the language of the ADA presents a bar to recovery where an air carrier contracts for one amount, and bills another amount. The Supreme Court in *Wolens* allowed a claim for recovery to proceed where a party alleged that the

10

airline had dishonored a contract term to which the airline had agreed. *Wolens*, 513 U.S. at 228. Plaintiffs here seek to extend this reasoning to a contract in which Plaintiffs allege that Defendants intentionally omitted a material term—price— with apparent knowledge of Montana law as evidenced by the 395 patients previously transported in Montana by Defendants. (Doc. 1 at 5.)

The Supreme Court in *Ginsburg* dismissed an implied covenant claim on preemption grounds where Minnesota law imposed the obligation onto all contracts. *Ginsburg*, 134 S.Ct. at 1432-34. The Court noted in dicta, however, that the respondent may have been able to vindicate a breach-of-contract claim had he pursued it on appeal. *Id.* at 1433. The district court dismissed respondent's breach of contract claim and respondent had failed to appeal the denial. *Id*. The breach-of-contract claim alleged that the airline had violated the terms of its frequent flier agreement when the airline terminated respondent from the program. *Id*.

Similarly, the defendant in *Ferrell v. Air Evac EMS, Inc.* conceded at oral argument the potential redressability for breach of contract.

> **THE COURT:** What if there was some contemporaneous discussion and agreement about price before the patient is transported . . . Preempted claim when the bill comes in higher than that agreed amount, or not?
>
> **COUNSEL:** Not. It's not preempted. If we took on as a company an affirmative obligation, we made an express agreement, *or even it's evaluated in an implied-in-fact contract context, if we took on the*

11

*obligation then it's not preempted.*

Transcript of Motions Hearing at 6-7, *Ferrell v. Air Evac EMS, Inc.*, No. 5:17-cv-124-DPM (E.D. Ark. July 5, 2017) (emphasis added). The court ultimately dismissed the claims as preempted by the ADA without explanation as to how the absence of an agreed price could give rise to an implied-in-fact contract that lacked an essential term. *Id*.

## IV. CONCLUSION

The ADA's express preemption provision does not preclude suits for breach-of-contract. *Wolens*, 513 U.S. at 232; *Hickcox-Huffman*, 855 F.3d at 1062. Courts have limited these suits to those that "attempt to vindicate the parties' implicit understanding of the contract." *Ginsburg*, 134 S.Ct. at 1433.

Under Montana law, consideration comprises one of four essential terms of a contract. Mont. Code Ann. § 28-2-102. Montana law requires that "the consideration must be so much money as the object of the contract is reasonably worth" where a contract's terms fail to specify consideration. Mont. Code Ann. § 28-2-813. Defendants have cited no provision of the ADA that prevents an air carrier from self-imposing a default term of consideration.

Plaintiffs have alleged in the Complaint that they entered into a contract with Defendants. (Doc. 5 at 5.) Plaintiffs assert that Defendants chose to specify no rate or charge. (Doc. 5 at 5.) Plaintiffs allege that Defendants "systematically and

12

programmatically charge and bill" patients pursuant to "factually identical" contracts that lack a consideration term. (Docs. 5 at 3; 13 at 15.) Defendants, by their own admission, have transported numerous Montana patients. (Docs. 5 at 9; 1 at 5.) Plaintiffs represented to the Court at oral argument that they expected that Defendants would charge "reasonable worth" absent specified consideration.

In sum, Plaintiffs allege that Defendants knowingly incorporated a consideration term of "reasonable worth" by their self-imposed and voluntary undertaking to omit a specific consideration term. (Doc. 5 at 3.) Plaintiffs allege Defendants have billed an amount, $109,590, far in excess of reasonable worth, in breach of contract. (Doc. 5 at 6.) The Court must take as true the facts alleged by Plaintiffs on this motion to dismiss. *Kwan*, 854 F.3d at 1096. Moreover, the Ninth Circuit has not faced this question. Dismissal of the novel question presented by Plaintiffs' complaint would be especially disfavored. *McGary,* 386 F.3d at 1270.

V. **ORDER**

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 2) is **DENIED**.

DATED this 26th day of October, 2017.

/s/ Brian Morris

Brian Morris
United States District Court Judge