# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| STAN and RAINY WAGNER, on Behalf of Themselves and All Others Similarly Situated, | |
| Plaintiffs, | |
| vs. | Cause No. CV-17-57-BU-BMM |
| SUMMIT AIR AMBULANCE, LLC, REACH AIR MEDICAL SERVICES, LLC, and DOES I-X, | |
| Defendants. | **STIPULATED PROTECTIVE ORDER** |
| REACH AIR MEDICAL SERVICES, LLC, | |
| Counterclaim and Third-Party Claim-Plaintiff, | |
| vs. | |
| HEALTH CARE SERVICE CORPORATION d/b/a BLUE CROSS AND BLUE SHIELD OF MONTANA and STAN and RAINY WAGNER, | |
| Counterclaim and Third-Party Claim-Defendants. | |

Come now Summit Air Ambulance, LLC and REACH Air Medical Services LLC ("Defendants"), Stan and Rainy Wagner ("Plaintiffs"), and Third-Party Defendant Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Montana ("BCBSMT") (hereinafter, the "Parties"), by their respective counsel, and advise the Court that they have agreed to be bound by the terms of a Protective Order set forth herein below. The Parties have mutually agreed that a "qualified protective order," as that term is defined by 45 C.F.R. § 164.512(e)(1)(v), is required and mutually agree to remain in full compliance with any privacy requirements imposed by regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 (45 C.F.R. Part 164).

The Health Insurance Portability and Accountability Act ("HIPPA") authorizes a plaintiff, however, to seek limited health care information with appropriate redaction and a protective order. 42 U.S.C. § 1320d-2. A covered entity may disclose protected health information in response to a court order, provided that the entity discloses only the protected health information expressly authorized by such order. 45 C.F.R. § 164.512(e)(1)(i).

The Court must craft a qualified protective order that prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and requires the return to the covered entity or destruction of the protected health

information (including all copies made) at the end of the litigation or proceeding. 45 C.F.R. § 164.512(e)(1)(v)(A)-(B).

The Federal Regulations provide standards and procedures for the proper de-identification of protected health information. 45 C.F.R. § 164.514. Health information that does not identify an individual and with respect to which no reasonable basis exists to believe that the information can be used to identify an individual is not individually identifiable health information. *Id.*

Under 45 C.F.R. § 164.514(b), a covered entity may determine that health information is not individually identifiable health information only if: (1) a person with appropriate knowledge documents the limited risk that the information could be used to identify a person; or (2)(i) the following identifiers of the individual or of relatives, employers, or household members of the individual are removed:

(A) Names;

(B) All geographic subdivisions smaller than a State, including street address, city, county, precinct, zip code, and their equivalent geocodes, except for the initial three digits of a zip code if, according to the current publicly available data from the Bureau of the Census:

(1) The geographic unit formed by combining all zip codes with the same three initial digits contains more than 20,000 people; and

(2) The initial three digits of a zip code for all such geographic units containing 20,000 or fewer people is changed to 000.

(C) All elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, date of death; and all ages over 89 and all elements of dates (including year) indicative of such age, except that such ages and elements may be aggregated into a single category of age 90 or older;

(D) Telephone numbers;

(E) Fax numbers;

(F) Electronic mail addresses;

(G) Social security numbers;

(H) Medical record numbers;

(I) Health plan beneficiary numbers;

(J) Account numbers;

(K) Certificate/license numbers;

(L) Vehicle identifiers and serial numbers, including license plate numbers;

(M) Device identifiers and serial numbers;

(N) Web Universal Resource Locators (URLs);

(O) Internet Protocol (IP) address numbers;

(P)　Biometric identifiers, including finger and voice prints;

(Q)　Full face photographic images and any comparable images; and

(R)　Any other unique identifying number, characteristic, or code, except as permitted by paragraph (c) of this section; and

(ii)　The covered entity does not have actual knowledge that the information could be used along or in combination with other information to identify an individual who is a subject of the information.

It appearing to the Court that its terms are reasonable and will protect the respective interests of the Parties as well as the interests of any related third parties, it is therefore **ORDERED** as follows:

1.　<u>Scope of Protective Order</u>. Any party may designate as "Confidential" any document or other material it produces in the course of discovery or other proceedings when that party in good faith believes that the document or other material contains confidential information as defined in the Federal Rules of Civil Procedure and 9th Circuit case law ("Confidential Material"). "Confidential Material" means any Documents, Testimony, or Information as defined below designated as "Confidential" or "Confidential-Attorney's Eyes Only" pursuant to the provisions of this Protective Order. Confidential Material shall be used only for the purpose of the proceedings in the above-captioned action (the "Civil

Action") or any appeals thereof, and not for any other business, competitive, personal, private, public, or other purpose.

2. <u>Challenges by a Party to Designation as Confidential</u>. Any Confidential designation is subject to challenge by any party by sending written notice to the producing party. After sending written notice, the Parties shall have an obligation to meet and confer in good faith within 14 days to resolve the objection. The producing party must bring a motion to maintain the confidentiality of documents as subject to this protective order within 45 days of the conclusion of the meet and confer process, and the producing party shall have the burden of establishing the confidentiality of such designations in the event of such a challenge. If the Court determines that any designation is improper, such document(s) will not be entitled to confidential status.

3. <u>Obligation of Parties</u>.

    (a) **Documents.** The Parties agree under this Protective Order that if any party in response to a request to produce documents believes in good faith that any portion of a document to be produced contains Confidential Material, the producing party shall designate any such documents as confidential by typing or stamping on its face **"CONFIDENTIAL"** or **"CONFIDENTIAL ATTORNEY EYES ONLY."** In the

case of documents produced in electronic form, the producing party may designate documents as confidential by prominently typing or stamping **"CONFIDENTIAL"** or **"CONFIDENTIAL ATTORNEY EYES ONLY"** on the exterior of the storage medium on which the documents are produced (e.g., CD-ROM, DVD, USB) and by causing each page containing Protected Information to be stamped **"CONFIDENTIAL"** or **"CONFIDENTIAL ATTORNEY EYES ONLY." "CONFIDENTIAL"** or **"CONFIDENTIAL ATTORNEY EYES ONLY"** designation should be applied in a manner so as not to obscure any information contained therein or interfere with Optical Character Recognition.

(b) **Depositions.** In the case of depositions, designation of a portion of the transcript (including exhibits) shall be made orally at the deposition or by giving written notice of such designation, within 30 days after the designating party receives a read and sign version of the transcript. If the designation is made during the deposition, the court reporter recording such deposition shall bind the transcript into separate portions containing the Confidential Material and the non-Confidential Material, and

the reporter shall place the appropriate legend on the cover of the Confidential portions of the transcript.

4. <u>Use of Confidential Materials</u>.  Qualified Persons, as defined in Paragraphs 5 and 6, may use any designated Confidential Material and/or materials fully and without restriction in the ordinary course of the prosecution or defenses of this litigation in accordance with the terms of this Stipulated Protective Order.

5. <u>Persons Who May Access Confidential Material designated as **"CONFIDENTIAL"** ("Qualified Persons")</u>.

(a) Except as provided in Paragraphs 9 and 10, absent written consent from the Parties, or unless otherwise directed by the Court, Confidential Material designated as **"CONFIDENTIAL"** may be disclosed only to the following persons:

(i) The Court and its officers, and any court reporters employed in this Civil Action;

(ii) The Parties and their counsel;

(iii) The employees, third-party administrators, officers or directors of the Parties and their counsel to the extent necessary in the litigation;

(iv) In-house counsel;

(v) Outside photocopying, graphic production services or litigation support services employed by the Parties' counsel to assist in the litigation, and computer service personnel performing duties in relation to a computerized litigation system; and

(vi) Outside counsel of record in this Civil Action and any legal assistants or other employees of counsel working with them in this Civil Action.

(vii) Independent experts and consultants retained by a party whose assistance is deemed necessary by such party's counsel for the prosecution or defense of this Civil Action, and employees of such experts and consultants necessary to assist such persons in performing their duties.

6. Persons Who May Access Confidential Material designated as "**CONFIDENTIAL ATTORNEYS EYES ONLY**" ("Qualified Persons").

    (a) Except as provided in Paragraphs 9 and 10, absent written consent from the Parties, or unless otherwise directed by the Court, Confidential Material designated as "**CONFIDENTIAL**

**ATTORNEYS EYES ONLY"** may be disclosed only to the following persons:

(i) The Court and its officers, and any court reporters employed in this Civil Action;

(ii) Attorneys of record in this Civil Action and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Civil Action and are not employees of any Party.

(iii) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to **CONFIDENTIAL ATTORNEYS EYES ONLY** material shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

(iv) Outside photocopying, graphic production services or litigation support services employed by the Parties' counsel to assist in the litigation, and computer service

personnel performing duties in relation to a computerized litigation system;

(v) Independent experts and consultants retained by a party whose assistance is deemed necessary by such party's counsel for the prosecution or defense of this Civil Action, and employees of such experts and consultants necessary to assist such persons in performing their duties; and

(vi) named plaintiffs, excluding any Third-Party Claim or Counterclaim plaintiffs.

7. <u>Disclosure of Documents or Materials Containing Confidential Material</u>. If counsel for a party wishes to disclose any documents or materials provided pursuant to a discovery request that contains Confidential Material to any person subject to Paragraphs 5(a)(v), 5(a)(vii), 6(a)(iv), or 6(a)(v) (e.g., experts or consultants), the person making the disclosure shall do the following:

(a) Provide a copy of this Protective Order to the person to whom disclosure is made;

(b) Inform the person to whom disclosure is made that he/she is bound by this Protective Order;

(c) Require the person to whom disclosure is made to sign an acknowledgment and receipt of this Protective Order in the form attached as Exhibit A;

(d) If the person to whom disclosure is made is a consulting or testifying expert and is employed by a competitor of any party in the case (not just the producing party), require the employer to sign an acknowledgement and receipt of this Protective Order in the form attached as Exhibit B.

(e) Instruct the person to whom disclosure is made to return any document or other material containing Confidential Material, at the conclusion of this Civil Action, or any appeals thereof, including any notes or memoranda containing Confidential Material;

(f) Maintain a list of persons to whom disclosure was made and a copy of the signed forms attached as Exhibits A and B;

(g) At the conclusion of this Civil Action, gather the documents or other material containing Confidential Material, copies thereof, and related notes and memoranda, and return them to the attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order.

8. <u>Modification of Protective Order</u>. Except as provided in Paragraph 14, this Protective Order can only be modified by the Court. If a party seeks to modify this Protective Order, the party seeking modification shall provide reasonable notice to the other Parties in this Civil Action that the party seeks to modify the Protective Order.

> (i) Nothing in this Protective Order shall prevent any disclosure if the party designating the information as confidential consents to such disclosure in writing; and
>
> (ii) Failure by a party to challenge the confidentiality of any document or information at the time of receipt thereof shall not preclude a subsequent challenge thereto.

9. <u>Disclosure of Confidential Material in Court Filings</u>. In the event a party wishes to disclose any Confidential Material in any court filing, or any documents containing Confidential Material attached thereto, such pleading or court filing shall be filed pursuant to the Local Rules.

10. <u>Disclosure of Confidential Material at Hearings or Trial</u>. If any party intends to disclose Confidential Material as an exhibit or as evidence during a hearing, at trial, or during any appeal, the party must provide reasonable notice to the other Parties in this Civil Action. The Parties shall make reasonable efforts to contact the individual whose Confidential Material is at issue. Thereafter, the

Parties shall attempt to resolve the issue of continued confidentiality of the Confidential Material. If they are unable to resolve the dispute, the Parties may present the issue to the Court for resolution. The proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record.

11. <u>Redacted Documents</u>. This Protective Order limits only the disclosure of Confidential Material and does not control, or in any way limit, the use or disclosure of documents from which Confidential Material has been redacted or documents that do not contain Confidential Material.

12. <u>Inadvertent Production</u>. The production or disclosure of an attorney-client privileged, attorney work product, or other protected document or information medium ("Protected Material") shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by the producing party in this or any subsequent state or federal proceeding pursuant to Federal Rule of Evidence 502 regardless of the circumstances of disclosure. If any party becomes aware of the production or disclosure of Protected Material by any other party, that party shall provide prompt written notice of such production or disclosure. Upon providing or receiving notice of such inadvertent production, a party in possession of inadvertently disclosed material shall handle it in a manner consistent with Federal Rule of Civil Procedure 26.

13. <u>Obligations on Conclusion of Litigation</u>.

    (a) **Order Remains in Effect**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    (b) **Return of Confidential Material**. Within 90 days after termination of this action, counsel shall (i) destroy all copies of Confidential Material and shall provide written certification of such destruction to the producing party, or (ii) return all such documents or material to counsel for the producing party.

14. <u>Persons Bound</u>. This Protective Order may be amended to add as Parties to this Protective Order additional defendants that appear in the case provided that (a) their counsel executes and files a copy of this Agreement with the Court, and (b) no existing Party to the Agreement objects within five (5) business days of that filing. If this Protective Order is amended to add such additional defendants, those such additional defendants shall be treated as "Parties" for purposes of this Protective Order. This Protective Order shall take effect when entered and shall be binding upon all counsel and their law firms, the Parties, and persons made subject to this Protective Order by its terms.

DATED this 12th day of June, 2018.

_____
Brian Morris
United States District Court Judge

AGREED:

| | |
|---|---|
| _/s/ William J. Mattix_ | _/s/ Matt J. Kelly_ |
| William J. Mattix | Matt J. Kelly |
| Crowley Fleck PLLP | Margaret C. Weamer |
| 490 N. 31st | TARLOW STONECIPHER |
| Billings, MT 59101 | WEAMER & KELLY, PLLC |
| Telephone: +1.406.252.3441 | 1705 West College Street |
| Facsimile: +1.406.256.8526 | Bozeman, MT 59715-4913 |
| wmattix@crowleyfleck.com | Telephone: (406) 586-9714 |
| | mkelly@lawmt.com |
| Joshua L. Fuchs | mweamer@lawmt.com |
| Texas State Bar No. 24029559 | |
| Nicole M. Perry | Travis W. Kinzler |
| Texas State Bar No. 24056367 | COK KINZLER PLLP |
| JONES DAY | 35 N. Bozeman Avenue |
| 717 Texas Street | P.O. Box 1105 |
| Suite 3300 | Bozeman, MT 59771-1105 |
| Houston, TX 77002-2712 | Telephone: (406) 587-4445 |
| Telephone: +1.832.239.3939 | tkinzler@cokkinzlerlaw.com |
| Facsimile: +1.832.293.3600 | |
| jlfuchs@jonesday.com | Daniel P. Buckley |
| nmperry@jonesday.com | BUCKLEY LAW OFFICE, P.C. |
| | 125 W. Mendenhall, Suite 201 |
| Charlotte H. Taylor | Bozeman, MT 59715 |
| JONES DAY | Telephone: (406) 587-3346 |
| 51 Louisiana Ave. NW | dbuckley@danbuckleylaw.com |
| Washington, DC 20001-2113 | |
| Telephone: (202) 879-3939 | ATTORNEYS FOR PLAINTIFFS |
| Facsimile: (202) 626-1700 | STAN AND RAINY WAGNER |
| ctaylor@jonesday.com | |
| | |
| ATTORNEYS FOR DEFENDANTS | |
| SUMMIT AIR AMBULANCE, LLC | |
| AND REACH AIR MEDICAL | |
| SERVICES, LLC | |

   */s/ Kimerly A. Beatty*  
Kimberly A. Beatty  
BROWNING, KALECZYC, BERRY  
& HOVEN, P.C.  
800 North Last Chance Gulch  
Ste. 101  
PO Box 1697  
Helena, MT 59824  
(406) 443-6820  
(406) 443-6883 - Facsimile  
kim@bkbh.com  

Amir Shlesinger  
REED SMITH LLP  
355 South Grand Avenue, Suite 2900  
Los Angeles, CA 90071  
(213) 457-8000  
(213) 457-8080 – Facsimile  
ashlesinger@reedsmith.com  

Martin J. Bishop  
Brian Hendricks  
REED SMITH LLP  
10 South Wacker Drive, 40th Floor  
Chicago, IL 60606  
(312) 207-1000  
(312) 207-6400 – Facsimile  
mbishop@reedsmith.com  
bhendricks@reedsmith.com  

ATTORNEYS FOR HEALTH CARE  
SERVICE CORPORATION d/b/a  
BLUE CROSS AND BLUE SHIELD  
OF MONTANA